UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY WOODS and SUSAN WOODS,
individually, and as husband and wife,

     Plaintiffs,

vs.

DR PEPPER SNAPPLE GROUP, INC., a foreign
corporation; DR PEPPER/SEVEN UP, INC., a
foreign corporation; SPLASH TRANSPORT, INC., a
foreign corporation; THE AMERICAN BOTTLING
COMPANY, INC., a foreign corporation; THE
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA, a foreign corporation;
AMERICAN INTERNATIONAL GROUP, and its
subsidiaries or affiliates, a foreign corporation; and
JEFFREY EUGENE LUPP, individually,

     Defendants.

Case No. 5:19-cv-01162-F

---

## PLAINTIFFS TIMOTHY AND SUSAN WOODS' MOTION TO REMAND

---

Mark E. Bialick, OBA #771
R. Ryan Deligans, OBA #19793
Andrew M. Gunn, OBA #19470
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone: (405) 235-9584
Facsimile: (405) 235-0551
dlb@dlb.net
Attorneys for Plaintiffs

January 10, 2020

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

PROCEDURAL HISTORY ........................................................................................ 3

ARGUMENTS AND AUTHORITIES ...................................................................... 6

I.      STANDARDS APPLICABLE TO REMOVAL....................................................... 6

II.     THE FORUM DEFENDANT RULE IN 28 U.S.C. §1441(B)(2) IS APPLICABLE
        REGARDLESS OF WHETHER THE FORUM DEFENDANT HAS BEEN
        SERVED AT THE TIME OF REMOVAL............................................................... 7

        A.      CONGRESS DID NOT ENACT THE PROPERLY JOINED AND SERVED LANGUAGE
                IN ORDER TO PREVENT GAMESMANSHIP ON THE PART OF PLAINTIFF, ONLY
                TO ALLOW FOR A DIFFERENT TYPE OF GAMESMANSHIP BY THE DEFENDANT.
                ........................................................................................................ 7

        B.      ANY OTHER READING OF THE STATUTE WOULD RESULT IN AN ABSURDITY.
                ........................................................................................................ 12

III.    BECAUSE PLAINTIFFS DID NOT HAVE A REASONABLE OPPORTUNITY
        TO SERVE DEFENDANT LUPP, THIS CASE MUST BE REMANDED. ........ 14

IV.     BECAUSE REMOVAL WAS IMPROPER, PLAINTIFFS ARE ENTITLED TO
        AN AWARD OF ATTORNEY FEES AND COSTS UNDER 28 U.S.C. §1447(C).
        ........................................................................................................ 16

CONCLUSION ........................................................................................................ 17

# TABLE OF AUTHORITIES

Page

**Cases**

*Ake v. Central United Life Ins. Co.*,
Case No. CIV-17-539, 2017 WL 3105875, at *3 (W.D. Okla. July 21, 2017)........ 8

*Am. United Life Ins. Co. of Indianapolis v. Franklin*,
97 F. 2d 76 (8th Cir. 1938) ................................................................................... 16

*Bonadeo v. Lujan*,
CIV-08-0812-JB/ACT, 2009 WL 1324119, at *4 (D. N.M. April 30, 2009) .......... 6

*Caudill v. Ford Motor Co.*, 271 F.Supp.2d 1324 (N.D. Okla. 2003)...................... 6

*Fajen v. Foundation Reserve Insurance Co., Inc.*,
683 F.2d 331 (10th Cir. 1982) ................................................................................ 6

*Flandro v. Chevron Pipe Line Co.*, Case No. 2:18-CV-697,
2019 WL 1574811, at *6 (D. Utah April 11, 2019) .............................................. 14

*Gaines v. Ski Apache*, 8 F.3d 726 (10th Cir. 1993)..................................................... 8

*Howard v. Crossland Constr. Co., Inc.*, Case No. 17-CV-00480,
2018 WL 2463099, at *3 (N.D. Okla. June 1, 2018) ...................................... 14, 15

*Lindgren v. State Farm Ins. Cos.*, No. 04-3153,
2005 WL 1325053, at *1 (D. Minn. May 23, 2005) ............................................. 16

*Lone Mountain Ranch, LLC*,
988 F.Supp.2d 1263, 2013 WL 6706003, at *2 (D. N.M. 2013) .......................... 10

*Magallan v. Zurich Am. Ins. Co.*,
228 F. Supp. 3d 1259 (ND Okla. 2017) .................................................... 12, 14, 15

*Miera v. Dairyland Ins. Co.,* 143 F.3d 1337 (10th Cir. 1998) ................................ 6

*Oxendine v. Merck and Co., Inc.* 236 F.Supp.2d 517 (D.Md.2002) ..................... 10

*Pecherski v. General Motors Corp.,* 636 F.2d 1156 (8th Cir.1981) ................. 8, 13

*Pullman Co. v. Jenkins,* 305 U.S. 534 (1939) ..................................................... 7, 8

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) .................................... 6

*Snyder v. Moore,* Case No. CIV-13-1282,
2014 WL 11032956, at *1 (W.D. Okla. Feb. 11, 2014)........................ 9, 10, 11, 12

*Sullivan v. Novartis Pharmaceuticals Corp.*,
575 F. Supp. 2d 640 (D.N.J. 2008)............................................. 10, 12, 13

*Swindell-Filiaggi v. CSX Corp.*, 922 F.Supp.2d 514 (E.D.Pa.2013) ..................... 9

*Town of Freedom, Okla. v. Muskogee Bridge Co.*,
466 F.Supp. 75 (W.D. Okla. 1978) ............................................. 6

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235 (1989)................................. 9

*Workforce Dev., Inc. v. Corporate Benefit Servs. of Am., Inc.*,
316 F. Supp. 2d 854 (D. Minn. 2004) ......................................... 16

## Statutes

28 U.S.C. §1332 ..........................................................................2, 7

28 U.S.C. §1441 .............................................................................. 7

28 U.S.C. §1441(b) ........................................................................... 8

28 U.S.C. §1441(b)(2) ......................................................2, 7, 12, 14, 16

28 U.S.C. §1446 ............................................................................ 13

28 U.S.C. §1447(c)......................................................................1, 16

COME NOW the Plaintiffs, by and through their attorneys of record, and respectfully submit their timely Motion to Remand, pursuant to 28 U.S.C. §1447(c). Plaintiffs' Motion to Remand is filed within thirty (30) days of the Notice of Removal filed by the Defendant, The American Bottling Company (hereafter "TABC"), which was filed on December 13, 2019. [Doc. 1].

## INTRODUCTION

This case stems from a tractor-trailer/vehicle collision occurring on December 27, 2017 when Defendant Lupp violently collided into the rear of the vehicle operated by Dr. and Mrs. Woods. The Woods' vehicle was propelled into the vehicle in front of them causing severe and permanent injury to the Woods. *See* Ex. 1: Accident Report; Doc. 1-1: Petition. The collision occurred when Defendant Lupp, who was traveling behind Plaintiffs, failed to slow for the traffic in front of him.

At the time of the collision, the tractor-trailer Defendant Lupp was operating was owned by some combination of the Defendants, Dr. Pepper Snapple Group, Inc., Dr. Pepper/Seven Up, Inc., Splash Transport, Inc., and The American Bottling Company, Inc. *Id*. Defendant Lupp was also acting within the course and scope of his employment as an agent, servant, and/or employee of each of these Defendants. *Id*. The Insurer Defendants, The Insurance Company of the State of Pennsylvania and/or American International Group, insured the tractor-trailer which Defendant Lupp was operating.

Defendant Lupp is a citizen of Oklahoma and resides in Moore, Cleveland County, Oklahoma. The remaining Defendants are organized under the laws of states other than Oklahoma. Plaintiffs are citizens of Kansas. Thus, while there is complete diversity among

the parties pursuant to 28 U.S.C. §1332, removal in this case is prohibited pursuant to 28 U.S.C. §1441(b)(2), which prohibits removal in diversity cases if any defendant is also a citizen of the State in which the action was brought.

Plaintiffs filed their lawsuit in Cleveland County, Oklahoma on December 2, 2019. Because counsel for the Dr. Pepper Defendants advised he would accept service on behalf of Defendant TABC but would not accept service on behalf of Defendant Lupp, Plaintiffs' counsel immediately began efforts to serve Defendant Lupp via private process server, QuikServe of Oklahoma, who was engaged on December 6, 2019 (i.e., within days of the Petition being filed). Defendant TABC was served through its counsel on December 9, 2019. The Insurer Defendants were also served on December 9, 2019.

Plaintiffs' private process server attempted on several occasions to obtain service of Defendant Lupp, who appeared to be evading service. On December 16, 2019, Plaintiffs' private process server successfully obtained service on Defendant Lupp by serving his wife at their residence and leaving the Summons and Petition on their doorstep when Ms. Lupp orally refused to take the Summons and Petition from the process server. However, just one business day prior to this service, Defendant TABC filed its Notice of Removal, claiming the Forum Defendant Rule in 28 U.S.C. §1441(b)(2) was inapplicable to prevent removal because Defendant Lupp had not been served at the time of removal.

When viewed under the facts of this case, Defendant TABC's position is simply untenable. Its "snap" removal of Plaintiffs' case to this Court without providing Plaintiffs a reasonable opportunity to obtain service upon Defendant Lupp is at odds with the purpose of §1441(b)(2), and this type of "gamesmanship" is not condoned by the courts or the

statute itself. As a result of Defendant TABC's improper removal, this Court should remand this case to the District Court of Cleveland County, Oklahoma.

## PROCEDURAL HISTORY

1. Plaintiffs Timothy and Susan Woods are residents of Kansas. [Ex. 1: Accident Report; Doc. 1-1: Petition]

2. The Defendants are Jeffrey Lupp; Dr. Pepper Snapple Group, Inc.; Dr. Pepper/Seven Up, Inc.; Splash Transport, Inc.; The American Bottling Company, Inc.; The Insurance Company of the State of Pennsylvania; and American International Group. [Doc. 1-1: Petition]

3. Plaintiffs were severely injured in a motor vehicle collision which took place in Oklahoma City, on December 27, 2017. [Ex. 1: Accident Report]

4. Defendant Jeffrey Lupp, a resident of Oklahoma, was driving the tractor-trailer that struck Plaintiffs' vehicle. [Ex. 1: Accident Report; Doc. 5-8: Answers of the Dr. Pepper Defendants]

5. Defendant Lupp was an employee or agent of Defendants Dr. Pepper Snapple Group, Inc.; Dr. Pepper/Seven Up, Inc.; Splash Transport, Inc.; and/or The American Bottling Company, Inc., collectively, the Dr. Pepper Defendants.

6. Some combination of the Dr. Pepper Defendants are believed to be the owners, operators, or parent companies of the tractor-trailer involved in the accident in question. [Doc. 1-1: Petition; Doc. 5-8: Answers of the Dr. Pepper Defendants.]

7. The Insurance Company of the State of Pennsylvania and American International Group, collectively, the Insurer Defendants, are believed to have been the

3

insurer(s) for the Defendants at the time of the accident in question. [Doc. 1-1: Petition; Doc. 9: Answer of Defendant Insurance Company of the State of Pennsylvania]

8.     On December 2, 2019, Plaintiffs filed this action against the defendants on multiple grounds in the District Court of Cleveland County, State of Oklahoma, Case Number CJ-2019-1549. [Doc. 1-1: Petition]

9.     On December 6, 2019, the undersigned counsel retained a process server, QuikServe of Oklahoma, to serve the Petition and Summons on Defendant Jeffrey Lupp. [Ex. 2: Email to process server].

10.    Counsel for the Dr. Pepper Defendants advised the undersigned counsel that he would accept service for Defendant TABC, but not on behalf of Dr. Pepper's driver, Defendant Lupp.

11.    The undersigned counsel provided courtesy copies of the Petition and Summonses to counsel for the Dr. Pepper Defendants via U.S. Mail and email on December 9, 2019 and asked whether counsel would accept service of the other Dr. Pepper Defendants in addition to Defendant TABC. [Ex. 3: 12/9/2019 letter to Reid].

12.    The undersigned counsel also served the Insurance Defendants on December 9, 2019 by mailing a copy of the Petition and Summonses to the Oklahoma Insurance Commissioner. [Ex. 4: letter to OID with Petition and Summons]

13.    QuikServe made several unsuccessful trips to the home of Defendant Lupp, who is a truck driver and is often away from home for work, on the following dates: December 10, 2019, December 12, 2019, December 13, 2019, and December 14, 2019. [Ex. 5: Affidavit of Non-Service of QuikServe]. On two of these visits, a white truck was

4

in the driveway, leading Plaintiffs' process server to believe Defendant Lupp was evading service. *Id.*

14.    Defendant TABC filed their notice of removal on December 13, 2019. [Doc. 1].

15.    On December 16, 2019, Plaintiffs' process server obtained service on Defendant Lupp by serving his wife with a copy of the Petition and Summons. [Ex. 6: Affidavit of Service of QuikServe; Doc. 25: Motion to Quash Plaintiff's service of Defendant Lupp.] Plaintiffs' process server approached Defendant Lupp's wife as she pulled her car out of their garage and advised he was serving process on Defendant Lupp. *Id.* When Ms. Lupp refused to accept the service papers, Plaintiffs' process server left the papers on the Lupp's front porch. *Id.*

16.    Plaintiffs' counsel advised Defendants' counsel of service of all Defendants and requested the voluntary remand of this action. Ex. 7: 12/30/2019 letter from Deligans to Reid/Paruolo.

17.    On January 6, 2019, the attorneys already representing the Dr. Pepper Defendants and the Insurer Defendants filed a Motion to Quash Plaintiff's service of Defendant Lupp. Defendant Lupp did not join in this Motion and has not filed a Motion to Dismiss pursuant to Rule 12(b)(5). [Doc. 25].

18.    Though Plaintiffs believe their December 16, 2019 service on Defendant Lupp is valid and will be filing a Response to Defendants' 12(b)(5) Motion to Quash Service for Insufficient Service of Process for Defendant Lupp [Doc. 25], Plaintiffs did, out of an abundance of caution, have Defendant Lupp re-served on January 8, 2020 at

which time Defendant Lupp acknowledged having received the Summons and Petition served on December 16, 2019 and advised he had discussed the service and documents with his "attorney." *See* Ex. 6: Affidavit of Service of QuikServe.

## ARGUMENTS AND AUTHORITIES

### I.   STANDARDS APPLICABLE TO REMOVAL.

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Insurance Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "[C]ourts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). A party that invokes federal jurisdiction bears the burden of proof because the presumption is against jurisdiction. *Id.*; *See also*, *Bonadeo v. Lujan*, CIV-08-0812-JB/ACT, 2009 WL 1324119, at *4 (D. N.M. April 30, 2009) (the removing party "bears the burden of proving all jurisdictional facts and of establishing a right to removal").

"Where there is any substantial doubt concerning jurisdiction of the federal courts on removal, the case should be remanded and jurisdiction should be retained only where it is clear." *Town of Freedom, Okla. v. Muskogee Bridge Co.*, 466 F.Supp. 75, 77 (W.D. Okla. 1978), *accord*, *Caudill v. Ford Motor Co.*, 271 F.Supp.2d 1324, 1327 (N.D. Okla. 2003) (there is a presumption against removal and a doubtful case must be resolved in favor of remand); *See also*, *Fajen*, 683 F.2d at 333 ("[A]ll doubts are to be resolved against removal.").

**II.    THE FORUM DEFENDANT RULE IN 28 U.S.C. §1441(B)(2) IS APPLICABLE REGARDLESS OF WHETHER THE FORUM DEFENDANT HAS BEEN SERVED AT THE TIME OF REMOVAL.**

**A.    CONGRESS DID NOT ENACT THE PROPERLY JOINED AND SERVED LANGUAGE IN ORDER TO PREVENT GAMESMANSHIP ON THE PART OF PLAINTIFF, ONLY TO ALLOW FOR A DIFFERENT TYPE OF GAMESMANSHIP BY THE DEFENDANT.**

As it is undisputed that Defendant Lupp is a citizen of Oklahoma, under 28 U.S.C. § 1441(b)(2), the Forum Defendant Rule, this case must be remanded to the District Court of Cleveland County, Oklahoma. Indeed, Section 1441(b)(2) no doubt precludes the removal of any action, removed on the basis of diversity under 28 U.S.C. §1332, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2). Creative defendants have seized on the "properly joined and <u>served</u>" language to argue that a diverse defendant may remove an action to federal court, even where there is a forum defendant, if that forum defendant had not been served at the time of removal. Here, Defendant TABC's argument is predicated on this same fallacy. *See* Doc. 1.

While the Tenth Circuit has not resolved this issue, it is notable that the Supreme Court, in a case that predated the modern removal statute, rejected such an argument, stating, where a non-separable controversy involves a resident defendant, the fact that the resident defendant has not been served with process does <u>not</u> justify removal by the non-resident defendant. *Pullman Co. v. Jenkins,* 305 U.S. 534, 541 (1939). While it is true that some courts have rejected the Supreme Court's finding in *Pullman* because it predates §1441, numerous courts, including Judge Russell in this District, as well as the Eighth

7

Circuit have determined §1441 was not meant to change *Pullman*. *See e.g. Ake v. Central United Life Ins. Co.*, Case No. CIV-17-539, 2017 WL 3105875, at *3 (W.D. Okla. July 21, 2017) (noting §1441 "did not change the removal requirement set forth in" *Pullman*). For its part, the Eighth Circuit held that the enactment of §1441(b) did not qualify the requirement of complete diversity; rather, it "further limit[ed] jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir.1981). The Eighth Circuit also made clear that "allowing unserved defendants to be ignored for removal purposes would create needless jurisdictional problems. Because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served." *Id*. at 1161, n. 6.[1]

Furthermore, multiple Courts, including in the Western District of Oklahoma, have held that the Forum Defendant Rule prohibits removal <u>even if the forum defendant has not been served at the time of removal</u> because to hold otherwise would defeat the purpose of the Rule itself. Indeed, pursuant to the rules of statutory construction, the plain meaning of a statute should be disregarded if it would "produce a result demonstrably at odds with the

---

[1] It should also be noted that determining jurisdiction on the basis of which defendants have or have not been served is directly at odds with the longstanding and well-established rule that jurisdiction is determined by "examin[ing] the face of the complaint…" *Ake*, 2017 WL 3105875, at *2, citing *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993).

intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 252 (1989). Thus, "[t]hese courts considered that the purpose of diversity jurisdiction is to provide out-of-state defendants with a neutral, unbiased forum." *Snyder v. Moore,* Case No. CIV-13-1282, 2014 WL 11032956, at *1 (W.D. Okla. Feb. 11, 2014). "The forum defendant rule, 28 U.S.C. §1441(b)(2), recognizes that 'the rationale for diversity jurisdiction no longer exists' when one of the defendants is a citizen of the forum state since 'the likelihood of local bias is reduced, if not eliminated.'" *Id.*, citing *Swindell-Filiaggi v. CSX Corp.*, 922 F.Supp.2d 514, 518 (E.D.Pa.2013).

In *Snyder*, The Honorable Timothy Leonard considered the issue before this Court, i.e., whether the Forum Defendant Rule would prohibit removal when the forum defendant had not been served at the time of removal. *Id.* at *1-*2. *Snyder,* like the case at bar, involved a lawsuit arising out of a trucking collision. *Id.* at *1. The plaintiff's counsel filed the lawsuit and sent a courtesy copy of the petition to counsel for the defendants, who indicated he would request authority to accept service for the defendants and requested that his clients not be served over Thanksgiving. *Id.* Three days after the holiday weekend, the Defendants removed the case to the Western District of Oklahoma. *Id.* Fifteen days after the case was removed, the plaintiff served process on the forum defendant. *Id.*

Upon consideration of the facts of the case and the application of the Forum Defendant Rule, Judge Leonard concluded that the Rule prohibited removal where the defendant files its removal before the plaintiff has a fair opportunity to serve the forum-defendant, as to hold otherwise would defeat Congressional intent. *Id.* at *2. In making this

determination, Judge Leonard adopted the analysis of another Judge in the Tenth Circuit,

The Honorable William P. Johnson of the District Court of New Mexico, as follows:

> "The Court finds that **the reduction of bias generated by a forum defendant's participation in a case is present whether the forum defendant is served before or shortly after the matter is removed**. The Court also notes that the purpose of the 'properly joined and served' language in the rule was to prevent plaintiffs from adding a forum defendant solely to prevent removal, i.e. fraudulent joinder. Therefore, it would make no sense for Congress to enact the 'properly joined and served' language in order to prevent gamesmanship on the part of a plaintiff only to have that language allow for a different type of gamesmanship by a defendant. *See Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d [640] at 646 [D.N.J.2008] ("Moreover, given that the purpose of the 'properly joined and served' language is to prevent one form of gamesmanship - improper joinder - the court finds that allowing defendants to engage in another type of gamesmanship - a hasty filing of a notice of removal - is demonstrably at odds with Congressional intent.") The Court does not believe that Congress intended the Forum Defendant Rule to reward those defendants who win the '**race to remove**' before plaintiff has a chance to serve properly joined forum defendants."

*Id.* at *2, citing *Lone Mountain Ranch, LLC*, 988 F.Supp.2d 1263, 2013 WL 6706003, at

*2 (D. N.M. 2013) (Emphasis Added); *See also Sullivan v. Novartis Pharmaceuticals*

*Corp.*, 575 F. Supp. 2d 640, 642 (D.N.J. 2008)  (noting the idea that "removability should

depend on the timing of service of process is absurd on its face"); and *Oxendine v. Merck*

*and Co., Inc.* 236 F.Supp.2d 517, 526 (D.Md.2002) (similarly holding that "removability

cannot rationally turn on the timing or sequence of service of process"). Judge Leonard

noted that there was no question the plaintiff intended to serve the forum-defendant, and

that while the removing defendant "won the 'race to remove,' it did not sustain its burden

of demonstrating that removal was proper." *Snyder*, 2014 WL 11032956, at *2.

The *Snyder* holding is directly on point and applicable to the instant case. Here, the forum defendant, Jeffrey Lupp, is the driver of the 18-wheeler involved in the accident and, therefore, is clearly properly joined in this litigation. The Plaintiffs' process server was actively working to serve the forum-defendant within days of the lawsuit being filed (the lawsuit was filed December 2, 2019 and the process server was engaged on December 6, 2019). The process server has attested that on several of his service attempts, a vehicle, believed to be Defendant Lupp's was in the driveway, but Defendant Lupp refused to answer the door, thus evading service. Despite his attempt to evade service, Defendant Lupp was served just thirteen days after the lawsuit was filed and only one business day after the case was hastily removed.

Further, and as stated, though Plaintiffs believe the December 16, 2019 service was proper service upon Defendant Lupp, they asked their process server to re-serve Defendant Lupp in an abundance of caution once they learned the service on him was being challenged by the other Defendants in this case. On the evening of January 8, 2020, Plaintiff's process server appeared at Defendant Lupp's residence with a police officer. Defendant Lupp answered the door on this occasion and admitted not only that he had received the prior December 16, 2019 service, he also admitted he had been in contact with his attorney, notifying him of that service. Notably, and given that the Motion to Quash Service on Defendant Lupp was filed not by Defendant Lupp, but by the Dr. Pepper Defendants, including the removing Defendant TABC, and The Insurance Company of the State of Pennsylvania, all of whom have the same attorney, it is a reasonable inference that Defendant Lupp's prior evasion of service and Defendant TABC's hasty removal was mere

11

gamesmanship by these Defendants, attempting to "win the race to remove" by ensuring service on Defendant TABC, a non-forum Defendant, occurred before service on Defendant Lupp, the forum defendant, could be secured.

This was, of course, the type of gamesmanship Judge Leonard sought to discourage in *Snyder* and should likewise be discouraged here. *See Snyder*, 2014 WL 11032956 at *2. Indeed, Defendant TABC should not be permitted to perform procedural gamesmanship by "conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal" before the Plaintiffs have a fair opportunity to obtain service. *Sullivan v. Novartis*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008); *See also Magallan v. Zurich Am. Ins. Co.,* 228 F. Supp. 3d at 1259-1261 (ND Okla. 2017) (recognizing that a plaintiff is entitled to a fair opportunity to serve the forum defendant). This is particularly true here, where the Plaintiffs were actively working to serve the forum Defendant who was intentionally seeking to avoid service. *See Snyder*, 2014 WL 11032956 at *2.

As a result of the foregoing, Defendant TABC's Notice of Removal was improper, and this Court should grant Plaintiff's Motion to Remand.

## B. ANY OTHER READING OF THE STATUTE WOULD RESULT IN AN ABSURDITY.

Another reason courts have declined to interpret §1441(b)(2) as prohibiting removal only *after* the forum defendant has been served is because such interpretation would produce an absurd result. Indeed, in *Sullivan v. Novartis Pharmaceuticals, Corp.*, the court rejected a "plain meaning" interpretation of §1441(b)(2), noting the courts which have applied such an interpretation "for the most part, have ignored a less often cited, but equally

important principle of statutory construction which holds that when the literal application of statutory language…would result in an absurd outcome, a court must look beyond the plain meaning of the statutory language." 575 F.Supp.2d 640, 643 (D.N.J. 2008).

As the Eighth Circuit noted, one absurd outcome would be that "removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served." *Pecherski,* 636 F.2d at 1161, n. 6. Another absurd outcome is that the forum defendant him or herself could remove the case, as long as they did so prior to being served. *Sullivan*, 575 F.Supp.2d at 646-47. Further, it would "eviscerate" the purpose of the Forum Defendant Rule completely. *Id*. at 647.

Another absurd result not discussed by other courts, incudes the fact that allowing removal based on the date of service would create a new form of gamesmanship. Indeed, consider the scenario where a non-forum diverse defendant is served, but the forum defendant has not been served. The non-forum defendant does <u>not</u> remove the action due to the existence of the forum defendant in the lawsuit. Thirty days then elapse from the date the non-forum defendant was served, and the forum defendant remains unserved. Under the interpretation of the statute which Defendant TABC endorses, the result would be that the non-forum defendant would have missed their 30-day window in which to remove the case. *See* 28 U.S.C. §1446 (requiring removal within 30 days of receipt of the summons and complaint or any other paper demonstrating removal is permitted). Thereafter, the plaintiff could dismiss the forum defendant and prevent a subsequent removal by the non-forum defendant. This is because, pursuant to Defendant TABC's interpretation of the statute, if a forum defendant is not served within 30 days after the date

on which a non-forum defendant is served, and the non-forum defendant failed to remove during that time (i.e., within 30 days of service), the non-forum defendant would lose its opportunity to remove the case completely. This result would not only be absurd but would simply lead to more gamesmanship – the exact thing §1441(b)(2) sought to avoid in the first place.

Certainly, Congress did not intend application of §1441(b)(2) to result in such absurdity. This Court should reject such an absurd outcome, interpret the statute consistent with Congressional intent, and grant Plaintiff's Motion to Remand.

### III.  BECAUSE PLAINTIFFS DID NOT HAVE A REASONABLE OPPORTUNITY TO SERVE DEFENDANT LUPP, THIS CASE MUST BE REMANDED.

Even where courts determine §1441(b)(2)'s plain language should be followed, they will not enforce the statute's terms **unless** "the plaintiff has had a reasonable opportunity to serve the forum defendant" prior to removal. *Flandro v. Chevron Pipe Line Co.*, Case No. 2:18-CV-697, 2019 WL 1574811, at *6 (D. Utah April 11, 2019). Indeed, this was Judge Kern's precise finding in *Howard v. Crossland Constr. Co., Inc.*, Case No. 17-CV-00480, 2018 WL 2463099, at *3 (N.D. Okla. June 1, 2018). *Id*., at *2, citing *Magallan v. Zurich American Ins. Co.,* 228 F.Supp.3d 1257, 1259-1261 (N.D. Okla. 2017). *Howard* is the sole authority upon which Defendant TABC has based its removal.

Judge Kern ultimately denied the plaintiff's motion to remand in *Howard*, noting that, unlike the instant case, the plaintiff in *Howard* had still not obtained service on the forum defendant at the time the Motion to Remand was **__decided__**, which decision was issued nearly a year after the plaintiff filed his state court Petition. *Id.,* at *3. The Court further

noted that the removal in *Howard* was not a "snap" removal where the plaintiff did not have a reasonable opportunity to serve the forum defendant. *Id.* Rather, the removing defendant filed its notice of removal 27 days after it was served process, which the court believed to be ample time to serve the forum-defendant. *Id.*; *See also Magallan*, 228 F.Supp.3d at 1261-2 (denying plaintiff's motion to remand because plaintiff had "fair opportunity to serve" prior to removal because the "Plaintiff had a month to serve [the forum defendant] after she filed this suit and before Zurich removed" but failed to do so).

In this case, however, Plaintiff was not given a fair opportunity to serve the forum Defendant. Indeed, though Plaintiff engaged a private process server to serve Defendant Lupp within days of filing suit, Defendant TABC, who was served on December 9, 2019, removed the case on December 13, 2019. One business day later, on December 16, 2019, Defendant Lupp was served.[2] Thus, this case is not like *Howard*, where the forum defendant had not even been served nearly a year later when Judge Kern decided the plaintiff's motion to remand. Instead, this is a case where the Plaintiffs were actively attempting service on the forum Defendant and even served him twice within 37 days of filing the Petition in State court – once on December 16, 2019 and a second time on January 8, 2020 (which service occurred within two days of finding out Defendants were contesting

---

[2] Even if this Court were to determine that the December 16, 2019 service on Defendant Lupp was insufficient, which it was not (as Plaintiffs will demonstrate in their forthcoming Response to Defendants' Motion to Quash [Doc. 25]), Plaintiffs cannot be said to have been dilatory in their service efforts. Indeed, though Plaintiffs believe the December 16, 2019 service was valid, out of an abundance of caution, they asked their process server to re-serve Defendant Lupp, which occurred two days <u>after</u> Defendants' filed their Motion to Quash.

the sufficiency of the service upon Lupp). This case is, therefore, the very definition of a "snap" removal in the face of litigants who were doing everything possible to secure service of the forum defendant immediately after filing suit.

As a result of the foregoing, it is clear that even the sole authority cited by Defendant TABC requires this case to be remanded because Plaintiffs were not given a reasonable opportunity to serve despite their early, consistent, and documented efforts to do so. Therefore, Plaintiff's request this Court grant their Motion and remand this case to Cleveland County District Court, State of Oklahoma.

IV.     **BECAUSE REMOVAL WAS IMPROPER, PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEY FEES AND COSTS UNDER 28 U.S.C. §1447(C).**

Section 1447(c) empowers the Court to award attorneys' fees and costs incurred in the removal and remand, and the decision whether to award fees and costs is discretionary with the Court. *Workforce Dev., Inc. v. Corporate Benefit Servs. of Am., Inc.*, 316 F. Supp. 2d 854, 859 (D. Minn. 2004). "The propriety of the defendant's removal should be a focus of a decision regarding whether to impose fees." *Id.* (quotation omitted); *see also Am. United Life Ins. Co. of Indianapolis v. Franklin*, 97 F. 2d 76 (8th Cir. 1938) (awarding fees and costs); *Lindgren v. State Farm Ins. Cos.*, No. 04-3153, 2005 WL 1325053, at *1 (D. Minn. May 23, 2005) (awarding fees after finding defendant's "erroneous decision to remove the case" was "irresponsible and has resulted in a waste of this Court's and plaintiff's counsel's time and resources").

Here, even the case relied upon by Defendant TABC requires remand, as it applies the plain language of §1441(b)(2) only in cases where the Plaintiffs had a reasonable

opportunity to serve the forum defendant but failed to attempt service. Here, Plaintiffs had no reasonable opportunity to serve Defendant Lupp, despite their good faith efforts to do so. Further, it is clear from the facts of this case that Defendants engaged in blatant gamesmanship to "win the race to the courthouse." Indeed, Defendants allowed their attorney to accept service on behalf of a non-forum defendant but not on behalf of the forum defendant. Then, immediately after the non-forum Defendant was served, Defendant TABC hastily removed this action, claiming its driver's citizenship could not be counted because he had not been served. Clearly, Defendant TABC improperly removed this case without providing Plaintiffs an opportunity to serve Defendant Lupp, whom it knew Plaintiffs were actively trying to serve. This improper removal and clear gamesmanship entitles Plaintiffs to an award of attorneys' fees and costs in this matter.

## CONCLUSION

As the authorities cited herein demonstrate, Defendant TABC was without basis to remove this case. As a result, Defendant TABC cannot carry its burden in demonstrating removal was proper, and this case must be remanded to state court.

*s/R. Ryan Deligans*
Mark E. Bialick, OBA #771
R. Ryan Deligans, OBA #19793
Andrew M. Gunn, OBA #19470
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone: (405) 235-9584
Facsimile: (405) 235-0551
dlb@dlb.net
Attorneys for Plaintiffs, Timothy Woods
and Susan Woods

## CERTIFICATE OF SERVICE

⊠ I hereby certify that on January 10, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

> Thomas A. Paruolo, OBA #18442
> J. Derek Cowan, OBA #31525
> DeWitt Paruolo & Meek PLLC
> P. O. Box 138800
> Oklahoma City, OK 73113
> Telephone: (405) 705-3600
> Facsimile: (405) 705-2573
> tom@46legal.com
> dcowan@46legal.com
> Attorneys for Defendants, Splash Transport, Inc.; Dr Pepper/Seven Up, Inc.;
> Keurig Dr Pepper Inc. f/k/a Dr Pepper Snapple Group, Inc.; and
> The Insurance Company of the State of Pennsylvania

*s/R. Ryan Deligans*
R. Ryan Deligans

9985.0217\17966439_1\2020.01-10 Pfs Woods Mtn to Remand

18